# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **NELSON R. BERDECIA; ANNIA BERDECIA,** both on their own behalf and in representation of their conjugal partnership and **RICARDO BERDECIA**<br><br>Plaintiffs<br><br>vs.<br><br>**DR. JOSÉ A. MATOS-NEGRON**, and the conjugal partnership formed with JANE DOE 1; **DR. CARLOS E. MARRERO-ORTIZ**, and the conjugal partnership formed with JANE DOE 2; **DR. ARLENE HERNANDEZ-MEDINA**, and the conjugal partnership formed with JOHN DOE 1; **DR. HUMBERTO GUIOT-MARTINEZ**, and the conjugal partnership formed with JANE DOE 3; **DR. WALTER JANER-MARTINEZ**, and the conjugal partnership formed with JANE DOE 4; **DR. ANA I. RIVERA-DE LA VEGA**, and the conjugal partnership formed with JOHN DOE 2; **DR. OMAR GOMEZ-MEDINA**, and the conjugal partnership formed with JANE DOE 5; **DR. LESTER MONTOYA**, and the conjugal partnership formed with JANE DOE 6; **DR. SAMUEL VALENTIN-MENDOZA**, and the conjugal partnership formed with JANE DOE 7; **DR. MIGUEL A BAEZ-STELLA**, and the conjugal partnership formed with JANE DOE 8; **DR. JOALY SANTANA REYES**, and the conjugal partnership formed with JOHN DOE 3; **DR. YASHIRA M. GONZALEZ-ROSICH**, and the conjugal partnership formed with JOHN DOE 4; **DR. LUIS G. PEREZ-PEREZ**, and the conjugal partnership formed with JANE DOE 9; **DR. ALEXIS VILLALOBOS-ORTIZ**, and the conjugal partnership formed with JANE DOE 10; **DR. WANDA LIZ RODRIGUEZ-GALARZA**, and the conjugal partnership formed with JOHN DOE 5; **DR. JUAN F. AMADOR-LOPEZ**, and the conjugal partnership formed with JANE DOE 11; **DR. REINALDO J. FORNARIS-PARAVISINI**, and the conjugal partnership formed with JANE DOE 12; **DR. CESAR CORTES-CARDONA**, | CIVIL NO.<br><br>PLAINTIFFS REQUEST JURY TRIAL |

and the conjugal partnership formed with JANE DOE 13; DR. ANA GONZALEZ-RUIZ, and the conjugal partnership formed with JOHN DOE 6; DR. JUAN C. MARTINEZ-RODRIGUEZ, and the conjugal partnership formed with JANE DOE 14; DR. CAROLINA SANCHES-DIAZ, and the conjugal partnership formed with JOHN DOE 7; DR. CID, and the conjugal partnership formed with JANE DOE 15; SIMED; PUERTO RICO MEDICAL DEFENSE INSURANCE COMPANY; COMPANIES A-Z; JOHNNY DOE; PATTY DOE; JANET DOE

Defendants

# COMPLAINT

**TO THE HONORABLE COURT:**

**COME NOW** plaintiff through the undersigned legal representation, and very respectfully STATE, REQUEST AND PRAY:

## JURISDICTIONAL ALLEGATIONS

1. This Honorable Court is vested with jurisdiction over the parties and the subject matter of this litigation under and pursuant to the diversity of citizenship statute (Section 1332 (c) of Title 28 of the United States Code, 28 U.S.C. §1332), inasmuch as there is complete diversity of citizenship between the Plaintiffs, who are residents of Georgia, US and Florida, US and the defendants, residents of the Commonwealth of Puerto Rico, and the amount in controversy, exclusive of costs and interest, exceeds the amount of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00). As more specifically alleged below, all defendants are domiciled and permanent citizens of Puerto Rico within the meaning of 28 U.S.C. §1332 and Plaintiffs are domiciled and permanent citizen of States of the United States of America other than the Commonwealth of Puerto Rico.

2. Venue is proper in this Court pursuant to Section 1391 of Title 28 of the United States Code, 28 U.S.C. §1391, because the claims asserted arose in this judicial district.

3. Plaintiffs request a jury trial.

4. Plaintiffs are requesting punitive damages per Article 1538 of the Civil Code of Puerto Rico 2020.

5. All codefendants are jointly and severally responsible to plaintiffs for the damages caused to them.

6. The instant complaint is filed with the purpose of interrupting all statute of limitation since Plaintiffs have not received the totality of the medical records.

## THE PARTIES

7. Co-plaintiffs **NELSON R. BERDECIA** (hereinafter "Nelson") and **ANNIA BERDECIA** (hereinafter "Annia") are of legal age, married to each other, both attorneys, and residents of 841 Colwell Ln, McDonough, GA 30253 and their phone number is 770-842-6029. Nelson and Annia both appear on their own behalf for the emotional damage suffered by them.

8. Co-plaintiff **RICARDO BERDECIA** (hereinafter "Ricardo") is of legal age, married, an engineer and an attorney, respectfully, and residents of 4441 Mahogany Ridge Dr., Weston, FL 33331 and their phone number is 787-635-7913. Ricardo appears on his own behalf for the emotional damage suffered by him.

9. Co-defendant **DR. JOSÉ A. MATOS-NEGRON** (hereinafter "Dr. Matos-Negron") is a physician, with a specialty in general practice, duly authorized in the Commonwealth of Puerto Rico. Dr. Matos-Negron is married to **JANE DOE 1**, with whom he has a conjugal partnership. Dr. Matos-Negron provided medical treatment for Mr. Nelson at **CENTRO MEDICO DEL TURABO, INC. d/b/a HIMA SAN PABLO BAYAMON** (hereinafter "HIMA") emergency room. Dr. Matos-Negron's address is Carr. 199 Km 12 Ave. Las Cumbres, Guaynabo, PR 00969 and his phone number is 787-740-8787.

10. Co-defendant **DR. CARLOS E. MARRERO-ORTIZ** (hereinafter "Dr. Marrero-Ortiz") is a physician, with a specialty in general surgery, duly authorized in the Commonwealth

3

of Puerto Rico. Dr. Matos-Negron is married to **JANE DOE 2**, with whom he has a conjugal partnership. Dr. Marrero-Ortiz provided medical treatment and performed surgical procedures on Mr. Nelson at HIMA. Dr. Marrero-Ortiz was the admitting physician of Mr. Nelson and oversaw his medical treatment during his hospitalization at HIMA. Dr. Marrero-Ortiz's address is 8 Calle Barceló, Barranquitas, PR 00794 and his phone number is 787-547-6557.

11. Co-defendant **DR. ARLENE HERNANDEZ-MEDINA** (hereinafter "Dr. Hernandez-Medina") is a physician, with a specialty in pneumology, duly authorized in the Commonwealth of Puerto Rico. Dr. Hernandez-Medina is married to **JOHN DOE 1**, with whom she has a conjugal partnership. Dr. Hernandez-Medina provided medical treatment for Mr. Nelson at HIMA. Dr. Hernandez-Medina's address is Edif. Medico Santa Cruz, 73 Calle Santa Cruz, Suite 215, Bayamón, PR 00956 and her phone number is 787-930-4845.

12. Co-defendant **DR. HUMBERTO GUIOT-MARTINEZ** (hereinafter "Dr. Guiot-Martinez") is a physician, with a specialty in infectious diseases, duly authorized in the Commonwealth of Puerto Rico. Dr. Guiot-Martinez is married to **JANE DOE 3**, with whom he has a conjugal partnership. Dr. Guiot-Martinez provided medical treatment for Mr. Nelson at HIMA. Dr. Guiot-Martinez's address is Anal Neoplasia Clinic, Medical Sciences Campus, Puerto Rico Medical Center, San Juan, PR and his phone number is 787-679-4330.

13. Co-defendant **DR. WALTER JANER-MARTINEZ** (hereinafter "Dr. Janer-Martinez") is a physician, with a specialty in gastroenterology, duly authorized in the Commonwealth of Puerto Rico. Dr. Janer-Martinez is married to **JANE DOE 4**, with whom he has a conjugal partnership. Dr. Janer-Martinez provided medical treatment for Mr. Nelson at HIMA. Dr. Janer-Martinez's address is Edificio Medico Santa Cruz 73 Calle Santa Cruz, Suite 213, Bayamon, PR 00961 and his phone number is 787-779-6666.

14. Co-defendant **DR. ANA I. RIVERA-DE LA VEGA** (hereinafter "Dr. Rivera-De La Vega") is a physician, with a specialty in nephrology, duly authorized in the Commonwealth

of Puerto Rico. Dr. Rivera-De La Vega is married to **JOHN DOE 2**, with whom she has a conjugal partnership. Dr. Rivera-De La Vega provided medical treatment for Mr. Nelson at HIMA. Dr. Rivera-De La Vega's address is 100 Paseo San Pablo, Edif. Dr. Arturo Cadilla, Suite 201, Bayamón, PR 00956 and her phone number is 787-778-8774.

15. Co-defendant **DR. OMAR GOMEZ MEDINA** (hereinafter "Dr. Gomez-Medina") is a physician, with a specialty in physical medicine and rehabilitation, duly authorized in the Commonwealth of Puerto Rico. Dr. Gomez-Medina is married to **JANE DOE 5**, with whom he has a conjugal partnership. Dr. Gomez-Medina provided medical treatment to Mr. Nelson at HIMA. Dr. Gomez-Medina's address is Id14 Calle Almacigo, Bayamon, PR 00956 and his phone number is 787-228-0808.

16. Co-defendant **DR. LESTER MONTOYA** (hereinafter "Dr. Montoya") is a physician duly authorized in the Commonwealth of Puerto Rico and/or was a medical intern at HIMA at the times of the events. Dr. Montoya is married to **JANE DOE 6**, with whom she has a conjugal partnership. At the time of the facts of this case, Dr. Montoya was an intern at HIMA and was part of HIMA's internship program. Dr. Montoya provided medical treatment for Mr. Nelson at HIMA. Dr. Montoya's address is 70 Calle Santa Cruz, Bayamón, PR 00961-7052 and his phone number is 787-620-4747.

17. Co-defendant **DR. SAMUEL VALENTIN-MENDOZA** (hereinafter "Dr. Valentin-Mendoza") is a physician, with a specialty in pulmonology, duly authorized in the Commonwealth of Puerto Rico. Dr. Valentin-Mendoza is married to **JANE DOE 7**, with whom he has a conjugal partnership. Dr. Valentin-Mendoza provided medical treatment for Mr. Nelson at HIMA. Dr. Valentin-Mendoza's address is Cond. Malaga Park, 14 Ave. Juan Martinez Apt 77, Guaynabo, PR 00971 and his phone number is 787-579-5096.

18. Co-defendant **DR. MIGUEL A. BAEZ-STELLA** (hereinafter "Dr. Baez-Stella") is a physician, with a specialty in general surgery, duly authorized in the Commonwealth of

Puerto Rico. Dr. Baez-Stella is married to **JANE DOE 8**, with whom he has a conjugal partnership. Dr. Baez-Stella provided medical treatment for Mr. Nelson at HIMA. Dr. Baez-Stella's address is Plaza San Pablo 2, 150 Paseo San Pablo, Bayamón, PR 00961 and his phone number is 787-760-7030.

19.     Co-defendant **DR. JOALY SANTANA-REYES** (hereinafter "Dr. Santana-Reyes") is a physician, with a specialty in family medicine, duly authorized in the Commonwealth of Puerto Rico. Dr. Santana-Reyes is married to **JOHN DOE 3**, with whom she has a conjugal partnership. Dr. Santana-Reyes provided medical treatment for Mr. Nelson at HIMA. Dr. Santana-Reyes's address is Calle Rio Guavate Ad-22 Rio Hondo, Bayamón, PR 00961 and her phone number is 787-795-4063.

20.     Co-defendant **DR. YASHIRA M. GONZALEZ-ROSICH** (hereinafter "Dr. Gonzalez-Rosich") is a physician, with a specialty in general practice, duly authorized in the Commonwealth of Puerto Rico. Dr. Gonzalez-Rosich is married to **JOHN DOE 4**, with whom she has a conjugal partnership. Dr. Gonzalez-Rosich provided medical treatment for Mr. Nelson at HIMA. Dr. Gonzalez-Rosich's address is 70 Calle Santa Cruz, Bayamón, PR 00961 and her phone number is 787-620-1639.

21.     Co-defendant **DR. LUIS G. PEREZ-PEREZ** (hereinafter "Dr. Perez-Perez") is a physician, with a specialty in interventional cardiology and diagnostic radiology, duly authorized in the Commonwealth of Puerto Rico. Dr. Perez-Perez is married to **JANE DOE 9**, with whom he has a conjugal partnership. At the time relevant to the facts of this case, Dr. Perez-Perez had been extended medical privileges by co-defendant HIMA. Dr. Perez-Perez provided medical treatment for Mr. Nelson at HIMA. Dr. Perez-Perez's address is 8 Ave. Las Cumbres, Guaynabo, PR 00969 and his phone number is 787-740-8787.

22.     Co-defendant **DR. ALEXIS VILLALOBOS-ORTIZ** (hereinafter "Dr. Villalobos-Ortiz") is a physician, with a specialty in pediatric and diagnostic radiology, duly

authorized in the Commonwealth of Puerto Rico. Dr. Villalobos-Ortiz is married to **JANE DOE 10**, with whom he has a conjugal partnership. Dr. Villalobos-Ortiz provided medical treatment for Mr. Nelson at HIMA. Dr. Villalobos-Ortiz's address is Bayamón Health Center, Calle Manuel F Rossy Esq. Isabel, Bayamon PR 00969 and his phone number is 787-995-1900.

23. Co-defendant **DR. WANDA LIZ RODRIGUEZ-GALARZA** (hereinafter "Dr. Rodriguez-Galarza") is a physician, with a specialty in diagnostic radiology, duly authorized in the Commonwealth of Puerto Rico. Dr. Rodriguez-Galarza is married to **JOHN DOE 5**, with whom she has a conjugal partnership. Dr. Rodriguez-Galarza provided medical treatment for Mr. Nelson at HIMA. Dr. Rodriguez-Galarza's address is 1503 Marbella St., Mansiones de Vistamar Marina, Carolina, PR 00983 and her phone number is 787-257-9586.

24. Co-defendant **DR. JUAN F. AMADOR-LOPEZ** (hereinafter "Dr. Amador-Lopez") is a physician, with a specialty in radiology, duly authorized in the Commonwealth of Puerto Rico. Dr. Amador-Lopez is married to **JANE DOE 11**, with whom he has a conjugal partnership. Dr. Amador-Lopez provided medical treatment for Mr. Nelson at HIMA. Dr. Amador-Lopez's address is 70 Calle Santa Cruz, Bayamon, PR 00961 and his phone number is 787-620-4747.

25. Co-defendant **DR. REINALDO J. FORNARIS-PARAVISINI** (hereinafter "Dr. Fornaris-Paravisini") is a physician, with a specialty in radiology, duly authorized in the Commonwealth of Puerto Rico. Dr. Fornaris-Paravisini is married to **JANE DOE 12**, with whom he has a conjugal partnership. Dr. Fornaris-Paravisini provided medical treatment to Mr. Nelson at HIMA. Dr. Fornaris-Paravisini's address is Jardines Metropolitanos #1, 355 Calle Galileo, Suite 81, San Juan, PR 00927 and his phone number is 787-528-5531.

26. Co-defendant **DR. CESAR CORTES-CARDONA** (hereinafter "Dr. Cortes-Cardona") is a physician, with a specialty in radiology, duly authorized in the Commonwealth of Puerto Rico. Dr. Cortes-Cardona is married to **JANE DOE 13**, with whom he has a conjugal

7

partnership. Dr. Cortes-Cardona provided medical treatment to Mr. Nelson at HIMA. Dr. Cortes-Cardona's address is 70 Calle Santa Cruz, Bayamon, PR 00961 and his phone number is 787-620-4747.

27. Co-defendant **DR. ANA GONZALEZ-RUIZ** (hereinafter "Dr. Gonzalez-Ruiz") is a physician, with a specialty in radiology, duly authorized in the Commonwealth of Puerto Rico. Dr. Gonzalez-Ruiz is married to **JOHN DOE 6**, with whom she has a conjugal partnership. Dr. Gonzalez-Ruiz provided medical treatment for Mr. Nelson at HIMA. Dr. Gonzalez-Ruiz's address is 70 Calle Santa Cruz, Bayamon, PR 00961 and his phone number is 787-620-4747.

28. Co-defendant **DR. JUAN C. MARTINEZ-RODRIGUEZ** (hereinafter "Dr. Martinez-Rodriguez") is a physician, with a specialty in general surgery, duly authorized in the Commonwealth of Puerto Rico. Dr. Martinez-Rodriguez is married to **JANE DOE 14**, with whom he has a conjugal partnership. Dr. Martinez-Rodriguez provided medical treatment for Mr. Nelson at HIMA. Dr. Martinez-Rodriguez's address is Bayamon Medical Plaza, Suite 607, Bayamon, PR 00959 and his phone number is 787-780-0300.

29. Co-defendant **DR. CAROLINA SANCHEZ-DIAZ** (hereinafter "Dr. Sanchez-Diaz") is a physician, with a specialty in general practice, duly authorized in the Commonwealth of Puerto Rico. Dr. Sanchez-Diaz is married to **JOHN DOE 7**, with whom she has a conjugal partnership. Dr. Sanchez-Diaz provided medical treatment for Mr. Nelson at HIMA. Dr. Sanchez-Diaz's address is 70 Calle Santa Cruz, Bayamon, PR 00961, and his phone number is 787-620-4747.

30. Co-defendant **DR. CID** (hereinafter "Dr. Cid", his first name is unknown and will be added once it is known) is a physician duly authorized in the Commonwealth of Puerto Rico. Dr. Martinez-Rodriguez is married to **JANE DOE 15**, with whom he has a conjugal partnership.

Dr. Cid provided medical treatment for Mr. Nelson at HIMA. Dr. Cid's address is 70 Calle Santa Cruz, Bayamon, PR 00961, and his phone number is 787-620-4747.

31. Co-defendant **SIMED** is an insurance company authorized to do business in Puerto Rico, who at the time of the facts alleged in this complaint had in full force and effect an insurance policy covering the damages alleged in this complaint and the responsibility of co-defendants doctors and all physicians who provided medical treatment to Ramona at the times alleged in the complaint. SIMED's address is Edificio Centro Europa, 1492 Ave. Ponce de Leon, Office 501, San Juan, PR 00907. SIMED's phone number 787-641-2550.

32. Co-defendant **PUERTO RICO MEDICAL DEFENSE INSURANCE COMPANY** is an insurance company authorized to do business in Puerto Rico, who at the time of the facts alleged in this complaint had in full force and effect an insurance policy covering the damages alleged in this complaint and the responsibility of co-defendants doctors and all physicians who provided medical treatment to Ramona at the times alleged in the complaint. Puerto Rico Medical Defense Insurance Company's address is The Corporate Building Center, #33 Calle Resolución, Suite 702, San Juan, PR 00920, and phone number is 787-999-7763.

33. Co-defendants **COMPANIES A-Z** are legal entities that at the times relevant to these facts owned, operated, managed, and/or administered, in whole or in part, and were solely or partially responsible for the administrative and medical issues of any of the codefendant's medical entities to provide all or part of the medical and/or administrative services. In the alternative, they are other legal entities that caused or contributed to causing the damages to plaintiffs. Also, and in the alternative, they are insurance companies which at the time the facts of this case took place had in full force and effect insurance policies in favor of codefendants.

34. Co-Defendants **JOHNNY DOE**, **PATTY DOE and JANET DOE** are all codefendants of unknown identity that caused and contributed to causing plaintiffs damages. Their identities will be revealed once they are known through discovery.

35. All the named defendants are jointly and severally responsible to plaintiffs for the damages caused to them. All defendants fictitiously named herein, will be correctly named once their identities are determined.

## THE RELEVANT FACTS

36. On May 28, 2022, Mr. Nelson, who was 77 years old at the time, arrived at HIMA's emergency room complaining of weakness and abdominal pain lasting for a week. Mr. Nelson was first seen by Dr. José A. Matos Negron in HIMA's emergency room.

37. An abdominopelvic CT was performed and showed large amount of pneumoperitoneum, compatible with perforated viscus. Dr. José A. Matos Negron requested an emergency surgical consultation to Dr. Calos E. Marrero Ortiz.

38. Dr. Carlos E. Marrero Ortiz evaluated Mr. Nelson and determined that an exploratory laparoscopy needed to be performed and he was admitted to HIMA by Dr. Carlos E. Marrero Ortiz.

39. On that same date, Dr. Carlos E. Marrero Ortiz performed an exploratory laparoscopy, evacuation of intraabdominal abscess, resection of perforated small bowel with new Roux-en-Y and gastrojejunostomy.

40. After his surgery, Mr. Nelson's was admitted to the intensive care unit of the hospital and his medical condition improved until on or about June 4, 2022.

41. On or about June 4, 2022, Mr. Nelson's condition began to deteriorate. He was transferred to surgical ward and after two days he experienced respiratory distress.

42. On or about June 4, 2022, Mr. Nelson began experiencing hiccups, information that was provided from him to a nurse. He also has tachycardia of 109 and respiratory pulse of 24 at 10:51 am.

43. On June 4, 2022, an abdominopelvic Ct scan with contrast was performed and compared to a same study of May 29, 2022. The June 4 study reflected a radiographic

deterioration of the lung bases with patchy groundglass opacities and bilateral small to moderate pleural effusions and it was recommended to correlate to exclude superimposed pneumonia.

44. From June 1 through June 4, 2022, the patient was not performed a CBC test.

45. On June 8, 2022, the patient was performed a CBC test that reflected a white cell count of 24.07, which is very elevated. His neutrophils were at 87 and his lymphocytes were at 5, which is known as a "shift to the left", highly indicative of infection.

46. On June 5, 2022, Mr. Nelson was experiencing tachycardia of 116 at 7:10am and 117 at 7pm and had episodes of disorientation. Clinimix was ordered for the patient but was not available at the hospital.

47. On June 7, 2022, Mr. Nelson referred to the nurses that he was feeling hot. He had tachycardia of 107 and his respiratory rate was accelerated.

48. On June 8, 2022, an assessment was made to rule out an intra-abdominal abscess, pneumonia, cystitis, and acute kidney injury because of increased creatinine levels.

49. On June 9, 2022, a thoracocentesis of his left pleura was performed and 800 ml of yellow fluid was drained. Cultures of said liquid confirmed that the liquid was infected with bacteria with a white blood cell count of 391, when normal parameters are 0-4.

50. By June 9, 2022, Mr. Nelson was diagnosed with severe sepsis. It is stated that since June 5, 2022, the patient was having daily temperature spikes. That day an abdominopelvic Ct without contrast was performed confirming the worsening of the bilateral patchy pulmonary groundglass and confluent opacities.

51. On June 10, 2022, a CBC test showed that the patient's white blood cells were in a process of toxic granulation. That same day his BUM was 63 when the normal ranges are 6-20, reflecting acute kidney disease. A lactate test reflected a result of 3.58 when normal parameters are 0.5-1.90 confirming lactic acidosis caused by sepsis.

52. On June 11, 2022, his white blood cell count was high at 16.5 and his BUN had gone higher to1:30pm to 74 confirming acute kidney disease, and his lactate level was higher at 3.39. That same day another BUN level was confirmed even higher, at 86.

53. On June 12, 2022, his BUN level had gone even higher, to 95. A BNP test reflected a result of 621 when regular values are between 0-100, suggesting congestive heart failure. Also, a troponin test reflected a value of 23,300 when normal values are 15.9-38.4 and his white blood cell count was still high at 16.49.

54. By June 12, 2023, Mr. Nelson was diagnosed with septic shock and acute kidney injury.

55. On June 13, 2023, at 10:44am, a green code was called and CPR and ACLS were started. Mr. Nelson recovered his pulse at 10:48am.

56. On June 13, 2023, at 11:06am, a second green code was called and CPR and ACLS were started. Mr. Nelson was declared dead at 11:21am.

57. The death certificate states that the cause of death was post-operatory pneumonia.

## CAUSE OF ACTION: MEDICAL NEGLIGENCE AND MEDICAL MALPRACTICE

58. The proximate and only cause of plaintiffs' damages and of all the damages suffered by Plaintiffs was the combined negligence of all co-defendants. Specifically, co-defendants failed to provide the correct medical diagnosis and treatment to Mr. Nelson and incurred in medical malpractice by providing medical treatment below the standards established by the medical community.

59. Co-defendants opted to not follow the medical security rules that protect patients as established by the medical practice. The negligent acts and omissions of co-defendants caused and continue to cause serious damages to Plaintiffs. All co-defendants are jointly and severally liable for the damages caused to Plaintiffs.

60. Co-defendants failed to provide the necessary diagnoses and medical treatment to prevent the damages suffered by Mr. Nelson ultimately causing his death.

61. All co-defendants caused and/or contributed to causing Plaintiffs' damages for which co-defendants are joint and severally liable.

62. All co-defendants provided a medical diagnosis and treatment that fell well below the medical standards of care and hospital standards, which caused the demise of Mr. Nelson.

63. Severe deviations in the standard of care took place in this case, which upon a very high of medical certainty caused and contributed to causing Mr. Nelson's demise and Plaintiffs' damages.

64. Co-defendants failed to recognize early sepsis, sepsis and severe sepsis on Mr. Nelson and failed to recognize the signs and symptoms of *Systemic Inflammatory Response Syndrome* (SIRS), which requires that at least two of the following criteria are discovered on the patient: temperature of more than 100.4 F or less than 96.8F, tachycardia of over 100 beats per minute, tachypnea of more than 20 respirations per minute or a PaCO2 <32 mmHgpor, leukocytosis of more than 12,000 white blood cells or leukopenia of less than 4,000 white blood cells. This patient's signs and symptoms fully complied with the above SIRS criteria. By failing to do so, co-defendants put the patient's life at risk and ultimately caused his death.

65. Co-defendants failed to identify and apply the Surviving Sepsis Campaigns criteria for identification of early sepsis and failed to promptly initiate the appropriate resuscitation protocol requiring fluids, blood cultures, antibiotic treatment and lactate levels.

66. The patient eventually developed multiple organ failure and died on June 13, 2022.

67. From at least June 4, 2022, the patient started to deteriorate after his surgery and started to show signs and symptoms of early sepsis that were not noticed by any of co-defendants providing Mr. Nelson with medical care below the standard of care.

## DAMAGES

68. The damages suffered by Mr. Nelson and Plaintiffs were caused by the combined negligence of all co-defendants, who are jointly and severally, vicariously, and directly liable. Co-defendants offered Mr. Nelson a negligent and contraindicated medical-hospital diagnosis and treatment which was much lower that the established standards of the medical community, causing his death.

69. As a direct consequence of the violations of the standard of medical attention and providing a medical treatment below said standard and the lack if implementation of the necessary medical protocols, Mr. Nelson did not receive adequate medical treatment in diagnosing and treating his condition, which ultimately led to his death.

70. Nelson and Ricardo have lost their father and his love and affection due to co-defendants' negligent acts and omissions. Mr. Nelson's death has cause emotional damages to Nelson and Ricardo. Nelson and Ricardo's emotional damages are estimated at no less than $1,000,000.00 for each.

71. Annia has lost her father-in-law and his love and affection due to co-defendants' negligent acts and omission. Mr. Nelson's death has cause emotional damages to Annia. Annia's emotional damages are estimated at no less than $500,000.00.

72. Co-defendants merit punitive damages for the same amount to the compensatory damages due to their actions in treating Mr. Nelson's life with grave disparagement to his life.

73. The Statute of Limitation was tolled by the filing on June 8, 2023 of the complaint civil number 23-01303.

**WHEREFORE**, it is respectfully requested from this Honorable Court to grant all allegations in this complaint for plaintiff and against defendants with the imposition of costs, damages, interest, and a reasonable amount of attorney's fees.

***RESPECTFULLY SUBMITTED***, in San Juan, Puerto Rico, this 12th day of June 2024.

s/**Rafael O. Baella-Ors**
(U.S.D.C. P.R. #219504)
Attorney for the plaintiffs
*Castañer & Baella L.L.C.*
MAI Center, 771 C.1, Ste 204
San Juan, P.R. 00920
Tel. (787) 400-8234
Fax: (787) 680-0172
rbaella@castanerlaw.com
